Amy Wilkins Hoffman (SBN 022762)
Hoffman Legal, LLC
4742 N. 24th St. #300
Phoenix, AZ  85016
623-565-8851
ahoffman@hoffmanlegalaz.com

John V. Golaszewski*
Joseph N. Casas*
The Casas Law Firm, P.C.
1740 Broadway, 15th fl.
New York, NY 10019
Tel: 855-220-9626
john@talentrights.law
joseph@talentrights.law

*pro hac vice application forthcoming

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carissa Rosario, a Florida resident, and Arianny Celeste Lopez, a California resident, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| - against - | (Jury Trial Demanded) |
| Cactus Hospitality Group, LLC d/b/a Three Wisemen, an Arizona limited liability company, | |
| Defendant. | |

Plaintiffs Carissa Rosario and Arianny Celeste Lopez, ("Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against Cactus Hospitality Group, LLC d/b/a Three Wisemen (hereinafter "Defendant" or "Three Wisemen"), respectfully allege as follows:

**BACKGROUND**

1.      This is an action for damages and injunctive relief relating to Defendant's misappropriation and unauthorized publication and use in advertising of images of Plaintiffs, each of whom are well-known professional models, to promote its night club, known as Three Wisemen (hereinafter the "Three Wisemen" or "Club").

2.      As detailed below, Defendant's misappropriation and unauthorized use of Plaintiffs' images, photos, and likenesses (collectively, "Images") constitutes: a) violation of section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1), which prohibits the false or misleading use of a person's image for commercial purposes; b) violation of each Plaintiff's common law right of publicity under Arizona law; c) violation of Arizona's unfair competition law, which prohibits unlawful, unfair and fraudulent business acts or practices, as well as deceptive advertising; d) negligence and respondeat superior; and e) various common law torts, including defamation and conversion.

3.      In addition to the actual, punitive and exemplary damages set forth below, Plaintiffs likewise seeks an Order from this Court permanently enjoining Defendant from using their Images to promote any club, via any medium.

**JURISDICTION & VENUE**

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have stated claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B).

5.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and because the amount in

2

controversy exceeds seventy-five thousand dollars ($75,000.00).

6.     As set forth immediately below, Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States and abroad.

7.     According to publicly available records, Defendant Cactus Hospitality Group, LLC is a limited liability company organized and existing pursuant to the laws of the State of Arizona. Cactus Hospitality Group, LLC operates Three Wisemen, which was located at 7323 East Shoeman Lane, Scottsdale, AZ 85251.

8.     Venue is proper in the United States District Court for the District of Arizona because the principal place of business for Defendant is in Maricopa County.

9.     All parties have minimum contacts with Maricopa County, a significant portion of the alleged causes of action arose and accrued in Maricopa County, Arizona, and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Maricopa County.

## PARTIES

10.     Plaintiff Carissa Rosario ("Rosario") is a professional model and resident of Broward County, Florida.

11.     Plaintiff Arianny Celeste Lopez ("Lopez") is a professional model and a resident of Los Angeles County, California.

12.     According to publicly available records, Cactus Hospitality Group, LLC is formed under the laws of the state of Arizona. During times relevant to this action, Cactus Hospitality Group, LLC operated Three Wisemen in Scottsdale, Arizona.

## FACTUAL ALLEGATIONS

13.     As set forth immediately below, Plaintiffs are well-known professional models who earn their livelihood modeling and licensing their Images to companies, magazines, and individuals for the purpose of advertising, endorsing, or promoting products and services.

14.     Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize earning potential, book modeling contracts, and establish each of their individual brands.  In furtherance of establishing, and maintaining their brands, Plaintiffs are necessarily selective concerning the companies and brands for which they choose to model.

15.     Each of the Plaintiffs' Images was misappropriated, and intentionally altered, by one or more of the Defendants in order to make it appear that they worked at, endorsed or were otherwise associated or affiliated with Three Wisemen.

16.     In the case of every Plaintiff, such appearance was false.

17.     Moreover, in each and every case, this misappropriation occurred without any Plaintiffs' knowledge, consent, or authorization and at no point did Plaintiffs ever receive any remuneration for Defendant's improper and illegal use of their Images, and Defendant's improper and illegal use of Plaintiffs' Images has caused Plaintiffs to suffer substantial damages.

18.     Further, in certain cases Defendant misappropriated Plaintiffs' advertising ideas because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market herself to potential clients, grow her fan base,

and build and maintain her brand.

19.    By using the Plaintiffs' image and likeness, Defendant did not use its own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote its club to the public.

***Plaintiffs' Background and Careers***

20.    Carissa Rosario is a model, spokesperson, and businesswoman. She has modeled in commercials for Budweiser and Comcast, and is a spokesperson for Monster Energy Drinks, Protein World, and Budweiser. Rosario also has her own perfume company line. She is well known in the social media world, with over 1.6 million Facebook followers, over 1 million Instagram followers, and over 42.3 thousand Twitter followers.[1]

21.    Upon information and belief, Rosario is depicted in the photo in Exhibit "A" to promote Three Wisemen on its Instagram page. This advertisement remains posted as of the date of this Complaint.  This Image was intentionally altered to make it appear that Rosario was either an employee or entertainer working at Three Wisemen, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

22.    Rosario has never been employed at Three Wisemen, has never been hired to endorse Three Wisemen, has never been otherwise associated or affiliated with Three Wisemen, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

---

[1] In the modeling world and talent industry (in general), the number of online Instagram "followers", Twitter "followers", and or Facebook "likes" is a strong factor in determining a model's earning capacity.

23.     Arianny Celeste Lopez is an American model, businesswoman, and celebrity. Lopez is recognized as one of the most consistent and most popular personalities of UFC where she has worked as an Octagon Girl since 2006. Lopez was the co-host of the popular Velocity TV show, *Overhaulin'*. Lopez has appeared on the covers of some of the world's most foremost magazines including *Playboy, Maxim US, FHM, Maxim Korea, Maxim Philippines, FHM Australia* and *UFC* magazines. In addition to modeling, Lopez has hosted television shows, appeared in short films and recorded some original music. Lopez is in an elite class of social media influencers with over 3.2 million Instagram followers, over 704 thousand Twitter followers and six million fans on Facebook combined with her personal website.

24.     Upon information and belief, Lopez is depicted in the photo in Exhibit "B" to promote Three Wisemen on its Facebook page. This advertisement remains posted as of the date of this Complaint. This Image was intentionally altered to make it appear that Lopez was either an employee or entertainer working at Three Wisemen, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

25.     Lopez has never been employed at Three Wisemen, has never been hired to endorse Three Wisemen, has never been otherwise associated or affiliated with Three Wisemen, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

26.     Upon information and belief, Cactus Hospitality Group, LLC, operates a night club under the name Three Wisemen that engages in the business of selling alcohol and food in a sexually charged atmosphere.

27.     Upon information and belief, and in furtherance of its promotion of Three Wisemen, Defendant owns, operates and controls Three Wisemen's social media accounts, including its Facebook, Twitter, and Instagram accounts.

28.     Defendants used Three Wisemen's Facebook, Twitter, and Instagram accounts to promote Three Wisemen and to attract patrons thereto.

29.     Defendant did this for its own commercial and financial benefit.

30.     Defendant used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, in order to create the false impression with potential clientele that each Plaintiff either worked as an employee at Three Wisemen, that she promoted the club, that she endorsed the club, or that she was otherwise associated or affiliated with the club.

31.     Defendant used Plaintiffs' Images and created the false impression that Plaintiffs worked at or endorsed Three Wisemen in order to receive certain benefits therefrom, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

32.     As Defendant was at all times aware, at no point have any of the above named Plaintiffs ever been affiliated with or employed by Three Wisemen, and at no point have any of the Plaintiffs ever endorsed Three Wisemen, or have otherwise been affiliated or associated with Three Wisemen.

33.     All of Defendant's activities, including its misappropriation of Plaintiffs' Images, and publication of same, were done without the knowledge or consent of

7

Plaintiffs, and Defendant did not compensate Plaintiffs for its use of their Images.

34.    As such, Plaintiffs have never received any benefit from Defendant's use of their Images.

***Standard Business Practices in the Modeling Industry***

35.    It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

36.    The fee that a professional model, such as each of the Plaintiffs, will receive is negotiated by her agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) the location of where the photo shoot takes place, and the length thereof; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards or posters), known as "usage"; and, d) the length of time (known as the "term") the rights to use the photos will be assigned.  Most licenses to use a model's image are for 1-, 2-, or 3-year terms; but almost never is there a "lifetime" term.

***Defendant's Misappropriation of Plaintiffs' Images***

37.    As detailed above, Defendant knowingly, and without the prior consent of the Plaintiffs, invaded Plaintiffs' privacy by using Plaintiffs' Images for commercial purposes in order to promote Three Wisemen, by and through various marketing and promotional mediums including, without limitation, Three Wisemen's use of internet posts, social media (Facebook, Twitter, Instagram, etc.) posts, and the creation and distribution of collateral materials such as flyers, posters, and cards.

38.    Defendant showcased Plaintiffs' Images on Three Wisemen's materials, including posts on social media pages, in order to create the false impression that the Plaintiffs worked at Three Wisemen, or endorsed, promoted, or sponsored same, or were otherwise associated or affiliated with the club.

39.    Defendant did so in order to attract clientele to Three Wisemen, promote Three Wisemen, and thereby generate revenue for Defendant.

40.    Defendant was aware that, by using Plaintiffs' Image, it was violating Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at and/or endorsed Three Wisemen.

41.    Unauthorized use of Plaintiffs' Images deprives Plaintiffs of income they are owed relating to the commercialization of their Images.

42.    In addition, Plaintiffs allege that any improper or unauthorized use of their Images substantially injures their careers.

43.    This is especially so insofar as each of Plaintiffs' Images have been associated with a night club, and the implication of Defendant's use of Plaintiffs' Images is that they are employees or entertainers, endorse a night club, or are otherwise associated or affiliated with a night club.

44.    At no point were any of the Plaintiffs ever affiliated with Three Wisemen or Defendant.

45.    Each of Plaintiffs' Images were used without their consent.

46.    At no point were Plaintiffs ever contacted by Defendant, or any representative of the Defendant, to request the use of Plaintiffs' Images.

47.    No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs' Images.

48.    No Defendant ever paid any Plaintiffs for its use of their Images on any promotional materials, including Three Wisemen billboards, social media, website, or other promotional materials.

49.    By using the Plaintiffs' image and likeness, Defendant did not use its own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote their club to the public.

50.    Defendant used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive the Plaintiffs of their right to determine the use of their Images.

51.    Upon information and belief, Defendant has taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiffs.

## FIRST CAUSE OF ACTION
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 *et seq*.: False Association)**

52.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53.    The provisions of the Lanham Act, 15 U.S.C. §1125, *et seq*. apply to Defendant and protect Plaintiffs from the conduct described herein.

54.    Defendant used Plaintiffs' Images  to create the false impression with the public that Plaintiffs were affiliated, connected, or associated with Three Wisemen or worked at as employees, sponsored, approved, or endorsed Three Wisemen's goods, services or commercial activities.

10

55.    This was done to promote and attract clientele to Three Wisemen, and thereby generate revenue for the Defendant.

56.    Thus, this was done in furtherance of Defendant's commercial benefit.

57.    Despite the fact that Defendant was at all times aware that the Plaintiffs were not affiliated, connected or associated with Three Wisemen, and that Plaintiffs did not work at, sponsor, or approve of Three Wisemen's goods, services or commercial activities, Defendant nevertheless used Plaintiffs' Images in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with Three Wisemen.

58.    Defendant knew that its use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship, affiliation, connection, association and/or employment at Three Wisemen.

59.    Upon information and belief, Defendant's use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of the Club, and the goods and services provided by the Club.

60.    Due to Defendant's unauthorized use of Plaintiffs' Images in order to create a false endorsement prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial, but in all events, not less than seventy-five thousand dollars ($75,000), and are likewise entitled to punitive and exemplary damages.

**SECOND CAUSE OF ACTION**
**(Common Law Right of Publicity)**

61.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

11

62.    As set forth hereon, each Plaintiff has and had at the time of Defendant's misappropriation a commercial interest in her image, photo, persona and likeness.

63.    Said commercial interest was developed by each Plaintiff through her investment of time, effort and money in her career, image, persona and likeness.

64.    As set forth herein, Defendant used each Plaintiff's image and likeness for commercial purposes by using same in Three Wisemen advertising.

65.    Defendant did so without any Plaintiff's consent, written or otherwise.

66.    Plaintiffs are further informed and believe and hereon allege that discovery will prove that Defendant republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

67.    Plaintiffs are informed and believe and allege that Defendant's republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

68.    Defendant was at all relevant times aware that it never received any Plaintiff's permission or consent to use their Images on any website or social media account, or on any other medium, in order to promote the Club.

69.    At no point did Defendant ever compensate Plaintiffs for its use of their Images

70.    No applicable privilege or authorization exists for Defendant's use of Plaintiffs' Images.

71.    In addition, because Defendant's actions in misappropriating Plaintiffs'

images and violating their common law right of publicity was willful and outrageous, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Unfair or Deceptive Trade Practices, A.R.S. Title 44, Chapter 9, *et seq.*)

72.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

73.    Defendant operated the Club website and social media accounts in order to promote the Club, to attract clientele thereto, and to thereby generate revenue for Defendant.

74.    As such, Defendant's operation of the website and social media accounts, and its publication of Images thereon, was consumer-oriented in nature and occurred in the trade and commerce with the State of Arizona.

75.    Defendant published Plaintiffs' Images on the Club website and social media accounts in order to create the false impression that Plaintiffs were either employees working at the Club, endorsed the Club, or were otherwise affiliated, associated, or connected with the Club.

76.    As such, Defendant's intent in publishing Plaintiffs' Images was to mislead the public as to Plaintiffs' employment at and/or affiliation with the Club.

77.    Such conduct constitutes unfair and deceptive acts and practices, and unfair competition under Arizona law.

78.    Defendant's advertising practices offends the public policy of Arizona insofar as it constitutes misappropriation of Plaintiffs' property rights in their own Images, and invasion of Plaintiffs' privacy, for Defendant's commercial benefit.

79.     Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as Defendant has sought to confuse the public for its own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with the Club.

80.     Defendant's advertising practices cause substantial injury to consumers by creating the false impression that Plaintiffs are employees or entertainers at, endorse, or are otherwise affiliated with, the Club.

81.     There are no benefits to Defendant's advertising practices as set forth herein except a benefit to Defendant's own commercial interests.

82.     As a result of Defendant's unauthorized and misleading publication of Plaintiffs' Images on their Club's website and social media accounts, Plaintiffs were harmed.

83.     As a result of Defendant's unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

84.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

85.     Defendant operated the Club website and social media accounts in order to promote the Club, to attract clientele thereto, and to thereby generate revenue for Defendant.

14

86.     As such, Defendant's operation of the website and social media accounts, and its publication of Images thereon, was consumer-oriented in nature and occurred in the trade and commerce with the State of Arizona.

87.     Defendant published Plaintiffs' Images on the Club website and social media accounts in order to create the false impression that Plaintiffs were either employees working at the Club, endorsed the Club, or were otherwise affiliated, associated, or connected with the Club.

88.     As such, Defendant's intent in publishing Plaintiffs' Images was to mislead the public as to Plaintiffs' employment at and/or affiliation with the Club.

89.     Such conduct constitutes unfair and deceptive acts and practices, and unfair competition under Arizona law.

90.     Defendant's advertising practices offends the public policy of Arizona insofar as it constitutes misappropriation of Plaintiffs' property rights in their own Images, and invasion of Plaintiffs' privacy, for Defendant's commercial benefit.

91.     Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as Defendants have sought to confuse the public for their own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with the Club.

92.     Defendant's advertising practices cause substantial injury to consumers by creating the false impression that Plaintiffs are employees or entertainers at, endorse, or are otherwise affiliated with, the Club.

93.     There are no benefits to Defendant's advertising practices as set forth

hereon except a benefit to Defendant's own commercial interests.

94.    As a result of Defendant's unauthorized and misleading publication of Plaintiffs' Images on their Club's website and social media accounts, Plaintiffs were harmed.

95.    As a result of Defendant's unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## FIFTH CAUSE OF ACTION
### (Defamation)

96.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

97.    As detailed throughout this Complaint, Defendant has published altered Images of Plaintiffs in order to promote Three Wisemen to the general public and potential clientele.

98.    Defendant's publication of said Images constitutes a representation that Plaintiffs was either employed by the Defendant, that they endorsed Three Wisemen, or that they had some affiliation with Three Wisemen.

99.    None of these representations were true.

100.    In publishing Plaintiffs' altered Images, it was Defendant's intention to create a false impression to the general public that Plaintiffs were employees working at Three Wisemen, or endorsed Three Wisemen.

101.    Defendants were at least negligent in publishing Plaintiffs' Images because they knew, or should have known, that Plaintiffs were not employed by Three Wisemen,

had no affiliation with Three Wisemen, had not consented to the use of their Images, and had not been compensated for the use of their Images.

102.    In the alternative, Defendants published the Images of Plaintiffs with actual malice because they knew that Plaintiffs were not employed by Three Wisemen, had no affiliation with Three Wisemen, had not consented to the use of their Images, and had not been compensated for the use of their Images.

103.    Despite Defendant's knowledge and awareness of these facts, they nevertheless made the decision to publish Plaintiffs' Images to attract clientele and generate revenue for themselves.

104.    Defendant's publication of Plaintiffs' Images constitutes defamation under Arizona law because said publication falsely accuses Plaintiff of having acted in a manner – i.e., working as an entertainer and/or endorsing Three Wisemen - which would subject each Plaintiff to hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society.

105.    Defendant's publication of Plaintiffs' Images likewise constitutes defamation per se under Arizona law because said publication would tend to injure each Plaintiff in her trade, business, and profession as a professional model.

106.    This is because any company or brand that sought to hire any of the Plaintiffs as a company or brand representative would be less likely to do so upon learning that she was a professional stripper and/or promoting Three Wisemen, an inference which

Defendant's publication of the Images support.

107.    Defendant's publication of Plaintiffs' Images likewise constitutes defamation per se under Arizona law because, insofar as said publication falsely portrays each of the Plaintiffs as an employee or entertainer, it imputes unchastity to her.

108.    Defendant's publication of Plaintiffs' Images caused Plaintiffs to suffer damages in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

### SIXTH CAUSE OF ACTION
**(Negligence and *Respondeat Superior*)**

109.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

110.    Plaintiffs are further informed and believe and hereon allege that Defendant maintained or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual* use of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

111.    Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

112.    Defendant owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

18

113.    Defendant further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

114.    Defendant breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

115.    Defendant further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Arizona law, were not violated. Defendant breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

116.    Defendant's breach was the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

117.    As a result of Defendant's negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
**(Conversion)**

118.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

119.    Each Plaintiff is, and at all relevant times were, the exclusive owners of all

right, title and interest in their Images, and have property interests thereon.

120.    By the conduct detailed above, Defendant converted Plaintiffs' property rights in their Images for its own use and financial gain.

121.    As a result of Defendant's unlawful conversion of Plaintiffs' Images, and publication of same, Plaintiffs have suffered damages in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(Unjust Enrichment)**

122.    Plaintiffs hereby repeat and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

123.    As set forth in detail above, Defendant published Plaintiffs' Images in order to promote the Club to the general public and potential clientele.

124.    Defendant's publication was for the purpose of creating a false impression to the general public that Plaintiffs were either employees or entertainers working at the Club, or endorsed the Club.

125.    Defendant's purpose in publishing Plaintiffs' Images was to benefit commercially due to their purported association with, employment of, and/or endorsement by Plaintiffs.

126.    Upon information and belief, Defendant did in fact benefit commercially due to their unauthorized use of Plaintiffs' Images.

127.    Defendant have been enriched by their unauthorized control over, and publication of, Plaintiffs' Image because said publication has assisted Defendant in attracting clientele to their Club.

128.    Plaintiffs have not been compensated for Defendant's commercial exploitation of their Images, and thus any financial benefit which Defendant received due to said exploitation is unjust.

129.    As such, Plaintiffs have been damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**(Quantum Meruit)**

130.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

131.    Plaintiffs are each internationally known models who earn their livings appearing in, inter alia, commercials, advertisements, and publications on behalf of companies and brands.

132.    Companies and brands that choose to hire Plaintiffs compensate them for their appearances.

133.    Although Defendant has availed itself of the benefit of being associated with Plaintiffs, and making it appear to potential customers that Plaintiffs either work at their Club, endorse their Club, or are otherwise affiliated with their Club, Defendant has not compensated Plaintiffs.

134.    Plaintiff is therefore entitled to reasonable compensation for the Club's unauthorized use of their Images.

**DEMAND FOR JURY TRIAL**

135.    Plaintiffs demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests Judgment in their favor and against Defendant as follows:

(a) For actual damages, in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), relating to Plaintiffs' first through ninth causes of action;

(b) For an order permanently enjoining Defendant from using Plaintiffs' Images to promote the Club;

(c) For punitive damages, in an amount to be determined at trial;

(d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action;

(e) For such other and further relief as the Court may deem just and proper.

Dated: January 13, 2023

By: /s/ Amy W. Hoffman
Amy W. Hoffman (SBN 022762)
Hoffman Legal, LLC
4742 N. 24th St. #300
Phoenix, AZ  85016
623-565-8851
ahoffman@hoffmanlegalaz.com

and

The Casas Law Firm, P.C.
John V. Golaszewski*
Joseph N. Casas*
1740 Broadway, 15th fl.
New York, NY 10019
Tel: 855-220-9626
john@talentrights.law
joseph@talentrights.law

Attorneys for Plaintiffs
* Pro Hac Vice application forthcoming